UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUSAN CHRISTIAN,

    Plaintiff,

                                          Case No. 07-14482

-vs-                                       HON. AVERN COHN

WAL-MART STORES, INC., WAL-MART
ASSOCIATES, INC., BETH HARRIS,
and RICHARD MICHELS

    Defendants.
_____/

## MEMORANDUM AND ORDER
## DENYING DEFENDANTS' MOTION FOR RECONSIDERATION

### I. Introduction

This is an employment discrimination case. The facts are recounted in the Memorandum and Order Granting Defendants' Motion for Summary Judgment as to Richard Michels and Denying Defendants' Motion for Summary Judgment as to Beth Harris and Wal-Mart (Summary Judgment Order). (Doc. 32.)

Now before the Court is Defendants' Motion for Reconsideration of the Court's Summary Judgment Order. For the reasons below, the motion is DENIED.

### II. Legal Standard

Generally, the court will not grant a motion for reconsideration that merely raises the same issues already ruled on by the court expressly or by reasonable implication. L.R. 7.1(g)(3). The moving party must show that (1) a palpable defect has misled the court and (2) correcting the defect will result in a different disposition. Id.

1

### III.  Discussion

Defendants say the Court erred by (1) relying on non-binding and other inapplicable authority instead of Sixth Circuit law concerning the participation clause of Title VII and Michigan's Elliott-Larsen Civil Rights Act (ELCRA); (2) relying on Supreme Court law as a lower standard than Sixth Circuit law concerning the opposition clause of Title VII and ELCRA; and (3) failing to analyze causation under the "significant factor" standard of ELCRA.

### A.  The Participation Clause

As defendants say, the Court noted in the Summary Judgment Order that none of defendants' Sixth Circuit cases stands for the proposition that in order to be protected under the participation clause, a plaintiff herself must have instigated an EEOC proceeding.  The Court reiterates the observation here.  If the meaning of participation were as easy to pin down as defendants think—narrowly confined to situations where the plaintiff instigated a proceeding—it would be nonsensical for the Sixth Circuit to highlight, as it does, the fact that "[t]he 'exceptionally broad protection' of the participation clause extends to persons who have 'participated in any manner' in Title VII proceedings." Abbott v. Crown Motor Co., 348 F. 537, 543 (6th Cir. 2003) (a case defendants cite) (quoting Booker v. Brown & Williamson Tobacco Co., 879 F.2d 1304, 1312 (6th Cir.1989) (another case defendants cite)).  Indeed, the plaintiff in Abbott, whom the Sixth Circuit found to be protected by the participation clause, did not instigate anything; he merely made himself available to testify in someone else's proceeding and was subsequently terminated.  Id. at 539–44.  The same situation exists

here.[1]

## B. The Opposition Clause

In discussing the opposition clause on pages 11–12 of the Summary Judgment Order, the Court relied on both Sixth Circuit law, Johnson v. Univ. of Cincinnati, 215 F.3d 561, 579 (6th Cir. 2000), and Supreme Court law, Crawford v. Metro. Gov't of Nashville & Davidson Co., 129 S. Ct. 846, 851 (2009).  But the real issue defendants are arguing is factual.  They re-state their position that Christian never communicated to Harris her belief that Wal-Mart had engaged in age discrimination against her husband.  Christian says she did.  This is a question for the jury.

## C. Significant Factor

The Court's standard for evaluating "significant factor" under ELCRA is set forth on page 9 of the Summary Judgment Order:

> The elements Christian must establish for retaliation are: (1) she engaged in a protected activity under the Acts; (2) Defendants had knowledge of the protected activity; (3) Defendants took a materially adverse employment action against her; and (4) under the ADEA, there was a causal connection between the protected activity and the adverse action or, under ELCRA, the protected activity was a significant factor in

---

[1]Defendants appear to be reading the Sixth Circuit cases literally, taking fact-specific findings for holdings, and failing to grasp the larger context.  For example, in Johnson v. Univ. of Cincinnati, 215 F.3d 561, 581 (6th Cir. 2000), the court did say: "To establish a claim of retaliation under the participation clause, Plaintiff must make a *prima facie* case by showing that Defendants discharged him because he filed a claim with the EEOC."  This was not a holding.  The plaintiff's manner of participation happened to be filing a claim with the EEOC and the court was talking about causation. In the very next paragraph after the one defendants cite, the court said: "In reaching its erroneous conclusion, the district court failed to liberally construe Plaintiff's participation clause claim and improperly resolved it as an issue of fact . . . ."  Id. at 582 (going on to quote the identical Booker passage that Abbott quoted: "The 'exceptionally broad protection' of the participation clause extends to persons who have 'participated in any manner' in Title VII proceedings.").

3

the adverse action. Mickey v. Zeidler Tool & Die Co., 516 F.3d 516, 523 & n.2 (6th Cir. 2008). "The burden of establishing a *prima facie* case in a retaliation action is not onerous, but one easily met." Id. (internal quotation marks omitted) (quoting Nguyen v. City of Cleveland, 229 F.3d 559, 563 (6th Cir. 2000)).

In fact, a significant factor "must [only] be one of the reasons for the discharge; the plaintiff need not prove that the discharge would not have occurred absent the protected activity." Polk v. Yellow Freight Sys., Inc., 876 F.2d 527, 531 (6th Cir. 1989).

The Court's discussion of causation is on pages 12–14 of the Summary Judgment Order, and a related discussion of pretext on pages 14–17.[2] To the extent that the Court failed to make clear what it thought to show by the litany of evidence it recounted, it states explicitly now: the evidence is not so insubstantial that a reasonable jury could not believe that unlawful retaliation was a significant factor in Christian's discharge.

### IV.  Conclusion

For the reasons above, defendants' motion for reconsideration has been denied.

SO ORDERED.

Dated:  March 20, 2009                             s/Avern Cohn
                                                   AVERN COHN
                                                   UNITED STATES DISTRICT JUDGE

---

[2]Defendants challenge the following observation by the Court: "In her written statement, Christian said that Oleskie swiped 'her card.'  There is no indication in the statement that Christian was even aware that Oleskie was swiping her EBT card."  The two pieces of evidence defendants proffer are precisely those the Court relied on in making the observation.  What the evidence shows is (1) Christian knew at the time that Oleskie swiped "her card" and (2) Christian now knows it was an EBT card.  But the record does not show whether Christian knew at the time of checkout or at the time she gave her statement to Wal-Mart that Oleskie was using an EBT card, as opposed to a credit, debit, gift, rebate, or some other card.

**07-14482 Christian v. Walmart**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, March 20, 2009, by electronic and/or ordinary mail.

                                              s/Julie Owens
                                              Case Manager, (313) 234-5160